## Case No. 2,972.

### The COLDSTREAM.

[4 Sawy. 172.] [1]

District Court, D. California. Jan. 20, 1877.

MASTER'S LIABILITY FOR DEBTS CONTRACTED BY CREW.

Where the master was arrested for certain debts contracted by his crew, which by their authority he paid: *Held*, that he was entitled to deduct the amounts so paid from their wages, but not the costs incident to the arrest.

In admiralty.

C. T. Botts and D. T. Sullivan, for libellant.

Clark Churchill, for claimant.

HOFFMAN, District Judge. The only question in this case is, whether the master paid a debt contracted by the libellant, a mariner on board the vessel, by the authority of the latter. The libellant denies that he authorized the master to pay the bill. He asserts that Wallach Brothers (the creditors) were his friends, and that they had given him a credit until his return to Sydney, on receiving from him a watch and chain as security.

The master testified in the most positive manner that Timmer authorized him to pay the bill, and in this he is corroborated by both his mates, who appear to have no interest in the controversy.

The preponderance of testimony is thus clearly in favor of the master, and this conclusion is strengthened by other circumstances which seem to have some significance.

It is not denied that the master was arrested at the suit of Wallach Brothers, for the debt due by Timmer, and for other debts contracted by the mates; that he paid those debts is also undisputed. If Timmer had, as he says, arranged for a credit with Wallach, by pledging his watch and chain, the conduct of the latter in arresting the captain and insisting upon payment was fraudulent and dishonest. It was also irrational; for how could they have expected that the demand would be complied with, when they had given a credit and retained in their possession a valuable pledge. Again, the libellant could not have been ignorant of the captain's arrest, of the nature of the demand made upon him, and of the fact of his payment. And yet he does not appear to have mentioned to any one that Wallach Brothers held his watch and chain, and that their enforcement of their demand was a breach of their

---

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

·contract with him; nor does he seem to have made the slightest attempt to recover his watch and chain, or to have given any expression to his surprise and indignation at the gross breach of faith committed by Wallach Brothers, whom he styles his friends. The story of the pledge is told by him for the first time, so far as appears, when testifying in his own behalf.

Under the proofs I feel compelled to reject it. His claim is at best a technical one. He admits his indebtedness to Wallach Brothers. It is not denied that the master paid it. Whether he authorized the master to do so or not, he ought not now to refuse to reimburse him. The only justification for doing so which he can honestly set up, is the fact that he has parted with a valuable security, which the creditor still retains. For the reasons given above I reject this story; but even if it be true, his total silence with regard to it, after he knew the debt had been paid by the master, and his failure to make any attempt to recover it, can scarcely be reconciled with fair dealing. He has at all events put it in his power, if he prevails in this suit, to perpetrate a fraud; for on his return to Sydney he can recover his pledge, and thus entirely ·evade the payment of his debt.

I think the master is entitled to deduct the amount of Timmer's debt paid by him, but not the costs incident to his arrest. Timmer did not cause the suit to be brought. It is not pretended that he authorized the master to pay any portion of the costs of the proceeding. If, as I must presume, the law of Australia is the same as our own, the master was not liable for debts contracted by his crew. If he has chosen to pay the costs of the suit rather than submit to the delay of defending it, he has done so in his own interest and that of the ship. He has no right to charge the libellant with any portion of the moneys so paid, any more than he would be entitled to charge him with the expense of defending the suit if he had seen fit to do so.

A decree will be entered in accordance with ·this opinion.